UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK MARCUCCI,

          Plaintiff,

    v.                                17-CV-260-LJV-HBS
                                             DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____


      The plaintiff, Mark Marcucci, is a prevailing party in this social security benefits

action.  His counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A).

Docket Item 27.  The defendant does not oppose the motion.  Docket Item 29.[1]

      Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

      Marcucci was awarded $131,884 in past-due benefits.  Docket Item 27-1 at 1-2.

His counsel seeks $32,971 in fees, which is 25% of the past-due benefits and is

---

[1] The defendant notes that Marcucci's counsel cannot receive a "net" fee award reducing his § 406 fee award by the amount of his Equal Access to Justice Act ("EAJA") fees.  Docket Item 29 at 5.  Marcucci clarifies in his reply that his counsel is not seeking a "net" fee and will instead refund his EAJA fees to Marcucci.  Docket Item 30 at 1.

consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  *Id.* at 2, 5.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[2]  *Id.*  The $32,971 fee request is therefore granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on May 21, 2018, this Court previously awarded Marcucci's counsel $7,500 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 25, 26.  Because the fees granted above exceed the EAJA fees, Marcucci's counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

---

[2] While the fee here constitutes an hourly rate of over $850—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

**ORDER**

In light of the above,

IT IS HEREBY ORDERED that Marcucci's motion for attorney's fees under

42 U.S.C. § 406(b)(1)(A) in the amount of $32,971, Docket Item 27, is GRANTED; and it

is further

ORDERED that Marcucci's counsel shall refund the $7,500 in EAJA fees to

Marcucci within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:      August 7, 2020
            Buffalo, New York


 */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE